**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT AKRON**

| | | |
|---|---|---|
| **J. STANOVIC ROOFING & RENOVATION, INC.** | ) | **CASE NO. 17-50856** |
| **Debtor** | ) | **ADVERSARY NO. 17-________** |
| **HAROLD A. CORZIN, TRUSTEE**<br>**Commonwealth Square**<br>**304 N. Cleveland-Massillon Road**<br>**Akron, OH 44333** | ) | **IN PROCEEDINGS UNDER CHAPTER 7**<br><br>**JUDGE ALAN M. KOSCHIK** |
| **Plaintiff** | ) | |
| **vs.** | ) | **COMPLAINT** |
| **WELTY BUILDING COMPANY LTD.**<br>**Attn: Officer, Manager, or General Agent**<br>**3421 Ridgewood Road, Suite 200**<br>**Fairlawn, OH 44333** | ) | |
| **and** | ) | |
| **WILLOUGHBY SUPPLY COMPANY**<br>**7433 Clover Avenue**<br>**Mentor, OH 44060** | ) | **TYPE: DETERMINATION OF LIEN, VALIDITY, PRIORITY, AND AMOUNT; AVOIDANCE OF LIEN; TURNOVER** |
| **Defendants** | ) | |

Now comes the plaintiff, Harold A. Corzin, Trustee, by and through his attorney, and, for his causes of action against the defendants, states as follows:

## I - JURISDICTION AND PARTIES

1. This court has jurisdiction over the within adversary proceeding pursuant to 28 USC § 1334 and 28 USC § 157 and the claims set forth herein are core proceedings within the meaning of the United States Bankruptcy Code.

2. The plaintiff, Harold A. Corzin, Trustee, is the duly appointed, qualified, and acting trustee for the debtor, J. Stanovic Roofing & Renovation, Inc., having been appointed trustee pursuant to designation of the United States Trustee following the filing of a petition seeking relief under Chapter 7 of the United States Bankruptcy Code by J. Stanovic Roofing & Renovation, Inc. on the 8th day of May, 2017.

3. The defendant, Welty Building Company Ltd., is an entity organized and existing under the laws of the state of Ohio.

4. The defendant, Willoughby Supply Company, is an entity organized and existing under the laws of the state of Ohio.

**II - FIRST CLAIM FOR RELIEF**

5. That the debtor, pursuant to a contract with Welty Building Company Ltd., did perform certain roofing services in connection with a project sometimes described as the Main Street Gourmet Job.

6. Such work was performed in a good and workmanlike manner and was completed by the debtor.

7. Pursuant to the terms of the contract, the debtor was entitled to compensation in the amount of $26,246.

8. That said account constitutes a debt owing to the debtor that is in the possession, custody, or control during the case of the defendant, Welty Building Company and is subject to turnover to the trustee.

9. Despite demand, the defendant, Welty Building Company Ltd., has failed to pay same.

10. The property is not of inconsequential value or benefit to the estate and the defendant, Welty Building Company Ltd., has a duty to deliver same to the trustee and account for such property or its value pursuant to § 542 of the United States Bankruptcy Code.

**III - SECOND CLAIM FOR RELEIF**

11. All of the allegations contained above are hereby reaverred.

12. That Willoughby Supply Company is a creditor of J. Stanovic Roofing & Renovation, Inc. and supplied materials to the job sometimes described as the Main Street Gourmet Job.

13. That Willoughby Supply Company has commenced a civil action in the Common Pleas Court of Summit County, Ohio in case entitled "Willoughby Supply Company, Plaintiff vs. Jason

Stanovic, et al., Defendants", bearing Case #CV2017-08-3159, wherein Willoughby Supply Company appears to assert it has an equitable claim or equitable lien upon the account receivable owing to this debtor from Welty Building Company Ltd.

14. That a materialman has a procedure by which it can obtain a lien upon real property and/or upon the proceeds to be derived from the work being performed by its contracting party, the debtor, J. Stanovic Roofing & Renovation, Inc.

15. That, on information and belief, the defendant, Willoughby Supply Company, failed to properly perfect and protect its interest and is barred from the assertion of equitable claims relating thereto.

16. That a determination of the right, title, or interest of Willoughby Supply Company in and/or to the receivable claimed to be owing to the debtor by Welty Building Company Ltd. will resolve issues relating to the administration of this property of the estate.

17. That the defendant has no right, title, or interest in said account receivable and a determination of that fact is necessary for the administration of this estate.

WHEREFORE, plaintiff prays that this court enter its order declaring and determining that Willoughby Supply Company has no right, title, or interest in and/or to the account receivable owing to J. Stanovic Roofing & Renovations, Inc.; that Welty Building Company Ltd. be order to turn over the sum of $26,246 together with interest at the rate of 3% per annum from and after the 1st day of September, 2017; for his costs herein incurred; and for such other and further relief as is just and proper.

GIBSON & MORAN LLC

/s/ Michael J. Moran

Michael J. Moran (#0018869)
Attorney for Harold A. Corzin, Trustee
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44222
(330) 929-0507
(330) 929-6605 - Fax
mike@gibsonmoran.com